IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAUL CASTILLO,

      Applicant,

v.                                                                                     No. CIV 12-0407 JH/WDS

RAUL D. VILLANUEVA, GRANT
COUNTY SHERIFF,
DISTRICT ATTORNEY MARY LYNNE NEWELL,
SANTA CLARA POLICE CHIEF LONNIE SANDOVAL,

      Respondents.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

      This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, on Applicant's Application For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person in State Custody. Nothing in the application indicates that Applicant is incarcerated. For the reasons below, the Court will require Applicant to show cause why his application should not be dismissed.

      Applicant alleges that, in 2010, he was convicted of driving under the influence and sentenced to thirty days in the county jail. The application contains three claims. First, Applicant alleges that he has liver cancer and the Grant County Jail is unable to treat his illness. Second, he alleges that his counsel failed to provide effective assistance in the state criminal proceeding. And third, Grant County correctional staff violated his civil rights by failing to respond to his state habeas corpus petition. For relief, Applicant asks the Court to vacate the sentence that the state magistrate court imposed on him.

      Applicant's claims of denial of necessary medical treatment and denial of due process in

state court proceedings must be brought in a civil rights complaint.  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (noting "well-settled law" that conditions-of-confinement claims must be brought under § 1983 rather than in a habeas petition); *Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011); *and see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring liberal construction of pro se pleadings); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that a pro se party's characterization of claims is not dispositive).  The Court will dismiss these claims without prejudice.

Furthermore, Applicant makes no allegation that he was in custody when he filed his application.  According to the statute, the Court may "entertain an application for a writ of habeas corpus in behalf of a person in [state] custody."  § 2254(a).  "A prisoner who has completely served his state sentence is not entitled to habeas relief under § 2254."  *Brown v. Warden*, 315 F.3d 1268, 1270 (10th Cir. 2003).  "While the concept of 'in custody' does not require that the petitioner be physically confined and extends beyond incarceration to parole on an unexpired sentence, it does not extend to the situation where a habeas petitioner suffers no present restraint from the challenged conviction at the time of the filing for the habeas petition."  *Cotner v. Oklahoma*, 37 F. App'x 360, 362 (10th Cir. 2002) (citing *Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996); *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989)).  Because Applicant does not make the required allegation of custody, he will be required to show cause why his application should not be dismissed.  *See* 28 U.S.C. § 2254 R.4.  Failure to comply with this order may result in dismissal of the application without further notice.

IT IS THEREFORE ORDERED that Applicant's claims for denial of medical treatment and due process are DISMISSED without prejudice to his right to pursue those claims in a civil rights action;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this order, Applicant respond to this order and show cause, if any, why his Application For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person in State Custody should not be dismissed.

_____
UNITED STATES DISTRICT JUDGE